UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| W. NEIL THOMAS, III, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-252 |
| | ) | |
| BRANDAUTO FINANCE, and NORTHWEST, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

This matter is before the Court on Defendants' motion to dismiss [doc. 17]. Plaintiff, who is proceeding *pro se*, has not responded, and the time for doing so has elapsed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, Defendants' motion to dismiss [doc. 17] will be granted.

## I.   Background

William Neil Thomas, III filed the instant action against BrandAuto Finance and Northwest, Inc. in the Circuit Court of the Eleventh Judicial District for the State of Tennessee. [Doc. 1-1 at 4-9]. Thereafter, the action was removed to this Court. [Doc. 1]. In his complaint, Thomas alleges that on or about June 22, 2018, Northwest published a letter in Tennessee containing a denial of credit to Thomas with respect to an automobile loan, and made libelous statements about Thomas's credit, including statements about "serious delinquency and public record or collection filed;" "number of accounts with delinquency;" and "inquiries impacted the credit score." [Doc. 1-1 at 5]. Additionally,

Thomas alleges that on or about July 3, 2018, "AutoFinance"[1] published a letter in Tennessee containing a denial of an automobile loan to Thomas, in which it made libelous statements about Thomas's credit, involving a "collection action, judgment or lien;" "charge off;" "serious delinquency and public record or collection filed;" "too many accounts with balances;" "time since delinquency is to [sic] recent or unknown;" "time since derogatory public record or collection is too short;" and "number of inquiries adversely affected the score." [*Id*. at 5-6]. Thomas alleges that all of these statements were false and Defendants made no independent effort to verify the truth of the statements when made. [*Id*. at 6].

Thomas further claims that the statements made by Defendants have caused damages and may cause future damages to his reputation in the community, and attaches a copy of his curriculum vitae ("CV") as evidence of his reputation. Thomas further claims that Defendants' statements constitute libel and were recklessly made without regard to their falsity. Accordingly, Thomas requests compensatory damages of $1,000 and punitive damages of $1,000,000. [*Id*.].

Thomas's attached CV reflects, *inter alia*, that he: (1) graduated from the University of Michigan Law School in 1969; (2) has been a member of the Tennessee Bar since 1976; (3) is a member of the Bar of this Court, as well as the Sixth Circuit, and the Supreme Court of the United States; (4) is a member of various organized bar memberships including the American Bar Association, Tennessee Bar Association, and Chattanooga Bar Association;

---

[1] The Court assumes this refers to Defendant BrandAuto Finance.

(5) has worked at several law firms throughout the years; and (6) served as a Circuit Court Judge in Tennessee from 1997 until 2017. [*Id.* at 8].

Thomas attaches to his complaint a copy of a letter from BrandAuto Finance, dated July 3, 2018, and addressed to William N. Thomas, 804 Renaissance Ct. Chattanooga, TN 37419. [*Id.* at 9]. The letter states:

> Your request for [a loan] was carefully considered, and we regret that we are unable to approve your application at this time for the following reason(s):
> Collection action, judgment or lien
> Excessive amount to finance in relation to vehicle value
> Charge off
> Not trading Open Auto; Adding Additional Unit

The letter also has a box, which is checked, which indicates that the "credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below." The paragraph further states that Thomas has "a right to a free copy of [his] report from the reporting agency, if [he] request[s] it no later than 60 days after [he] receive[s] this notice" and "if [he found] that any information contained in the report [he] receive[d] [was] inaccurate or incomplete, [he had] the right to dispute the matter with the reporting agency." The letter listed Equifax as the reporting agency used. The letter continued on to list Thomas's credit score and stated that the "key factors that adversely affected" his credit score included:

> Serious delinquency and public record or collection filed
> Too many accounts with balances
> Time since delinquency is too recent or unknown
> Time since derogatory public record or collection is too short
> Number of inquiries adversely affected the score but not significantly

[*Id.*]. Thomas did not attach the other letter discussed in his complaint.

The Defendants have now filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a brief in support. [Docs. 17, 18]. Defendants assert that, although Plaintiff's claim sounds in defamation, the participants' actions are governed by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, which preempts common law causes of action, including those for defamation. [Doc. 18 at 5]. Defendants note that they were third-party users of consumer reports and their only relevant obligations under the FCRA were to use the consumer reports for a permissible purpose and send the letters on which Plaintiff's complaint is based. [*Id*. at 5-6]. Defendants further note that any private cause of action for alleged failure to comply with their obligations under 15 U.S.C. § 1681m has been abolished. [*Id*. at 6]. Finally, Defendants assert that, even if Plaintiff's defamation claim were not preempted, he has nonetheless not stated a claim upon which relief can be granted, because he has not alleged publication or pled special damages with specificity. [*Id*. at 7-9].

## II.     Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions

masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal citations and quotation marks omitted). Dismissal under Rule 12(b)(6) "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.").

### III. Analysis

When a plaintiff fails to respond to a defendant's motion to dismiss, the district court may deem the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008). However, "a district court cannot dismiss a plaintiff's complaint solely because the plaintiff fails to respond to a Rule 12(b)(6) motion[.]" *Allstate Ins. Co. v. LG&E Energy, LLC*, 201 F. App'x 311, 316 (6th Cir. 2006) (Gwin, J., dissenting) (citing *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991)). "Whether or not the plaintiff responds, the district court's task remains the same—it cannot dismiss the complaint unless it concludes beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted). Accordingly, the Court will continue to analyze Plaintiff's claims under the standards set forth above.

#### A. FCRA

"The FCRA was enacted to regulate credit reports, provide guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting

5

agencies, and provide protection to consumers." *Lufkin v. Capital One Bank (USA), N.A.*, No. 3:10-cv-18, 2010 WL 2813437, at *2 (E.D. Tenn. July 16, 2010). The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018).

1. Preemption

The FCRA contains the following preemption provision:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). A second preemption provision, found at § 1681t(b), provides that "[n]o requirement or prohibition may be imposed under the laws of any State—(1) with respect to any subject matter regulated under—(C) subsections (a) and (b) of section 1681m of this title, relating to the duties of a person who takes any adverse action with respect to a consumer[.]" 15 U.S.C. § 1681(b)(1)(F). When interpreting these two provisions, courts (including this Court) have generally taken the position that "all state claims that do not allege willfulness are preempted by 1681h(e), and any surviving claims alleging willfulness are preempted under 1681t(b)(1)(F) if they involve a subject matter regulated under § 1681s-2." *Roberts v. U.S. Bank N.A.*, No. 4:14-cv-41, 2015 WL 11108910, at *8 (quoting *Lloyd v. Midland Funding*, LLC, No. 3:12-cv-566, 2014 WL 3507363, at *11 (E.D. Tenn. July 14, 2015).

The Court finds that Thomas's defamation claim is preempted by the FCRA. The conduct at issue here appears to be precisely the sort contemplated by Congress when it enacted § 1681h(e). Thomas has alleged only that the defendants, who were users of consumer credit reports, took adverse action on his applications for automobile loans, based on allegedly inaccurate credit reports, and informed Thomas of the information in the credit report on which the adverse decision was made. Thomas's claim is clearly "based on information disclosed by a user of a consumer report to . . . a consumer against whom the user has taken adverse action, based in whole or in part on the report[.]" *See* 15 U.S.C. § 1681h(e). Furthermore, Thomas has not alleged that Defendants "furnished [the allegedly false information] with malice or willful intent to injure [the] consumer." *See id.* Instead, Thomas merely alleges that Defendants made the statements "recklessly" and "without regard to their falsity." [Doc. 1-1 at 6]. Because Thomas does not allege any willfulness on the part of Defendants, his state law defamation claim is preempted by the FCRA, and thus, is due to be dismissed on this ground.

2. <u>Private Right of Action and Breach of Statutory Duties</u>

Generally, *pro se* pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the Court finds it doubtful that Thomas, who is a licensed attorney practicing in this District, is entitled to this liberal construction. *See Ross v. Bachand*, No. 14-cv-14122, 2015 WL 4644912 (E.D. Mich. Aug. 5, 2015) (holding that a licensed attorney practicing in the district was not entitled to the liberal construction generally afforded to the pleadings of *pro se* plaintiffs). Nevertheless, the Court will liberally

7

construe Thomas's complaint, and address whether he has stated a claim for relief under the FCRA.

Section 1681m of the FCRA places requirements on users of consumer reports. 15 U.S.C. § 1681m. The statute places four duties on users taking adverse actions based on information contained in consumer reports:

> (1) providing oral, written, or electronic notice of the adverse action to the consumer;
>
> (2) providing the consumer with written or electronic notice of a numerical credit score and statutory information including (a) the range of possible credit scores under the model used, (b) all key factors that adversely affected the credit score, (c) the date on which the credit score was created, and (d) the name of the person or entity that provided the credit score;
>
> (3) providing oral, written, or electronic notice to the consumer of the name, address, and telephone number of the consumer reporting agency that furnished the report and a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken; and
>
> (4) providing oral, written, or electronic notice to the consumer of his right to obtain a free copy of a consumer report from the consumer reporting agency referenced above, including an indication of the 60-day period for obtaining such copy, and his right to dispute with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

*See* 15 U.S.C. § 1681m(a).

The statute further states that "Sections 1681n and 1681o of this title [providing for civil liability] shall not apply to any failure by any person to comply with this section." 15 U.S.C. § 1681m(h)(8)(A). Instead, the statute states that "[t]his section shall be enforced exclusively under section 1681s of this title [providing for administrative enforcement] by

the Federal agencies and officials identified in that section." 15 U.S.C. § 1691m(h)(8)(B). Subsection (h)(8) was added as part of the Fair and Accurate Credit Transactions Act in 2003. *Andres v. New Lothrop Area Public Schools*, No. 18-cv-10203, 2018 WL 4839198, at *6 (E.D. Mich. Aug. 15, 2018). Since then, virtually every federal district court, and the only courts of appeal to address the issue, have concluded that § 1681(h)(8)'s language to be clear and unambiguous in precluding a private right of action for violations of § 1681m in its entirety. *Id.*; *see also Evans v. Two Hawk Employment* Services, No. 2:14-cv-151, 2015 WL 403149, at *3, n.5 (E.D. Ky. Jan. 28, 2015) ("A private right of action does not exist to enforce violations of the post-adverse action disclosure requirements set forth in 15 U.S.C. § 1681m." (citing 15 U.S.C. § 1681m(h)(8))); *Tobler v. Equifax*, No. 08-cv-12610, 2009 WL 1491046, at *3 (E.D. Mich. May 27, 2009) ("Although the Sixth Circuit has yet to hold that this section has eliminated a private right of action as to the whole of 1681m, this Court is persuaded by the reasoning of the majority of federal courts which have so held.").

The Court agrees with the majority of jurisdictions that subsection (h)(8) applies to the entirety of § 1681m, and precludes a private right of action for any violation. In enacting subsection (h)(8), Congress explicitly used the phrase "this section" rather than "this subsection" in describing the portions of the statute to which the subsection applied. *See* 15 U.S.C. § 1681m(h)(8)(A). Notably, in the same sentence that the subsection states that no private right of action exists for failure to "comply with this section," the subsection refers to "Sections 1681n and 1681o" in their entirety as "sections," supporting the theory that Congress intended the word "section" later in the sentence to mean Section 1681m in

9

its entirety. *See id*. Moreover, previously in subsection(h), the statute consistently refers to "this subsection" when discussing matters applicable only under subsection(h). *See* 15 U.S.C. § 1681m(h)(1), (3), (4), (5), (6)(A), (6)(B)(i)-(iv). Thus, based on the unambiguous use of the word "section" rather than "subsection" in § 1681m(h)(8), this Court concludes that Congress intended the preclusion of a private right of action contained in § 1681m(h)(8) to apply to the entirety of § 1681m. Accordingly, even liberally construing Thomas's complaint as raising a claim under the FCRA, his complaint is due to be dismissed because no private right of action exists.

Furthermore, even if a private right of action did exist, Plaintiff nonetheless has not stated a claim for relief under § 1681m. Plaintiff has not alleged that Defendants violated their four duties as users of a consumer credit report, as contained in § 1681m(a). Instead, the crux of Plaintiff's complaint is derived from actions that the defendants took in compliance with § 1681m(a). For example, Plaintiff complains that the defendants sent him letters stating that they were denying him an automobile loan, after reviewing a consumer credit report. [Doc. 1-1 at 5-6]. However, Defendants were required under § 1681m(a)(1) to provide Plaintiff with either oral, written, or electronic notice of their adverse action. *See* 15 U.S.C. § 1681m(a)(1). Moreover, Plaintiff's main allegation is that Defendants sent letters listing reasons, from the consumer credit report, that the adverse action was taken. [Doc. 1-1 at 5-6]. However, "key factors that adversely affected the credit score of the consumer in the model used" is a required disclosure under § 1681m(a)(2). *See* 15 U.S.C. §§ 1681m(a)(2), 1681g(f)(1)(C). Accordingly, even if a private right of action existed for a violation of § 1681m, and even if Plaintiff can be

deemed to have raised such a claim, the instant complaint is nonetheless due to be dismissed because Plaintiff's complaint alleges no facts indicating that Defendants violated § 1681m.

### B. Common Law Defamation

Finally, even assuming that Plaintiff's state law claim of defamation is not preempted by the FCRA, he nonetheless has failed to state a claim of defamation under Tennessee law. To assert a *prima facie* case of defamation in Tennessee, the plaintiff must establish that (1) the defendant published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.3d 569, 571 (Tenn. 1999). "Publication" is a term of art meaning the communication of defamatory matter to a third person. *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994). A plaintiff's self-publication of a libelous letter, even if compelled in the employment context, does not rise to the level of defamation. *Sullivan*, 995 S.W.3d at 575; *Kansas City, M&B.R. Co. v. Delaney*, 52 S.W. 151, 152-53 (Tenn. 1899); *Sylvis v. Miller*, 33 S.W. 921, 922 (Tenn. 1896).

Here, Plaintiff alleges only that Defendants mailed him letters containing the allegedly libelous statements. [Doc. 1-1 at 5-6]. Although Plaintiff states that Defendants "published" a letter in Tennessee, the context of the factual allegations make clear that Plaintiff means that Defendants sent him letters in Tennessee. [*Id.*]. Although Plaintiff has not attached a copy of the letter he allegedly received from Defendant Northwest, the

11

letter from Defendant BrandAuto Finance clearly indicates that it was mailed to Plaintiff at his home address. [Doc. 1-1 at 9]. That Plaintiff may have later shared the contents of these letters, and indeed, has done so through the filing of the instant litigation, does not render the letters "published" by Defendants, giving rise to an action for defamation. Because Plaintiff has not alleged that Defendants sent the information contained in the letters to a third party, he has not alleged a *prima facie* case of defamation under Tennessee law. Thus, even if Plaintiff's defamation claim were not preempted by the FCRA, which the Court concludes that it is, it would nonetheless be due to be dismissed for failure to state a claim.

## IV. Conclusion

Accordingly, for the forgoing reasons, Defendants' motion to dismiss [doc. 17] will be granted, and this action will be dismissed. An order consistent with this opinion will be entered.

                                       s/ Thomas W. Phillips
                                   SENIOR UNITED STATES DISTRICT JUDGE